UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


PATTY M. MAYNARD,

          Plaintiff,

v.                                Civil Action No. 2:17-cv-04131

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

          Defendant.


## MEMORANDUM OPINION AND ORDER

          Pending are the parties' cross motions for judgment on

the pleadings, filed by plaintiff Patty M. Maynard ("Claimant")

on December 28, 2017, and by defendant Nancy A. Berryhill

("Commissioner") on February 22, 2018.


### I.    Procedural History


          This action was referred to United States Magistrate

Judge Dwane L. Tinsley for consideration in accordance with 28

U.S.C. § 613(b)(1)(B) and the standing order for this district.

Claimant and the Commissioner have filed cross motions for

judgment on the pleadings.

The magistrate judge filed his Proposed Findings and Recommendation ("PF&R") on July 27, 2018. In the PF&R, the magistrate judge concluded that "substantial evidence supports the ALJ's assessment of Claimant's [residual functional capacity] and that Claimant's mental impairments were non-severe, therefore, Plaintiff's Brief in Support of Motion for Judgment on the Pleadings should be denied." PF&R 17-18. The magistrate judge recommends that the court affirm the final decision of the Commissioner and dismiss this case. Id. at 18. On August 10, 2018, Claimant filed objections to the PF&R. ECF No. 17.

Claimant lodges two objections. Both concern Claimant's alleged mental impairments. First, the ALJ found that Claimant's mental limitations were non-severe. Tr. 70. The Claimant contends that the magistrate judge erred in upholding the ALJ's decision by relying upon medical evidence that was not in the record before the ALJ nor was accepted into the administrative record by the Appeals Council. See id. at 2. The court notes the anomaly that Claimant, in an effort to overturn the ALJ's decision, sought unsuccessfully to present that same medical evidence to the Appeals Council.

Second, Claimant asserts that the magistrate judge "erred by finding the ALJ's step two finding was supported by

substantial evidence without considering whether the ALJ applied the proper legal standard in evaluating the medical opinions [of two state medical examiners]." Id. at 3.

Neither party has objected to the magistrate judge's recitation of the standards for (1) reviewing the Commissioner's final decision, or (2) the sequential evaluation process. Those same two components of the PF&R, see PF&R 2-5, thus apply on review before the undersigned here.

## II.  The Objections

The Claimant's first objection correctly notes that the magistrate judge cited evidence which did not appear in the record before the ALJ to support his finding that the ALJ relied on substantial evidence in his step two analysis. ECF No. 17, at 2-3.  In seeking review of the ALJ's decision by the Appeals Council, Claimant offered additional medical evidence which the Appeals Council "did not consider or exhibit" because the evidence "did not show a reasonable probability that it would change the outcome of the decision." Tr. 2.  The evidence at pages 6-60 of the transcript contains information that was not presented to or considered by the ALJ.  Any reliance upon that evidence in reviewing whether the ALJ's decision was supported by substantial evidence would have been improper.

Regardless of the magistrate judge's citation to facts that were not presented to the ALJ, the ALJ's decision based on the record before him was supported by substantial evidence. The ALJ properly conducted the step two analysis and provided sufficient reasoning for rating the degrees of the four functional areas. <u>See</u> 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). The court does not reweigh the evidence or resolve the disparities between conflicting evidence. <u>See</u> <u>Johnson</u>, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." <u>Id.</u> (alteration in original) (internal quotation marks omitted).

First, the ALJ rated the limitation of the functional area having to do with understanding, remembering or applying information, as mild. Tr. 71. The magistrate judge, in reviewing this finding, referred to evidence that was not brought before the ALJ in describing why the ALJ's decision that Claimant had only a mild limitation in this functional area was supported by substantial evidence. The magistrate judge cited evaluations by Dr. Ryan Cook, evidence not available to the ALJ, to support the assertion by the ALJ that Claimant's memory was "fairly good." PF&R 14 (citing Tr. 22, 25). Further, the magistrate judge cited to a July 14, 2016 examination by Dr.

Thomas Dickey in stating that Claimant engaged in the leisure activities of "using Facebook and playing Yahtzee." PF&R 14 (citing Tr. 828). But this citation was inaccurate. Dr. Dickey's report from this examination did not mention Claimant's use of Facebook or playing Yahtzee, see Tr. 828, nor did any of the evidence presented to the ALJ.

The magistrate judge also referred to evidence actually used by the ALJ to find that Claimant only had a mild limitation in this functional area. PF&R 14. Additional evidence utilized in the ALJ's decision--but omitted by the magistrate judge in his PF&R--similarly demonstrates that the ALJ's finding was supported by substantial evidence. For example, Elizabeth Kent, Claimant's counselor, noted that Claimant provided useful insight into her own impairments. Tr. 586. And while the medical reports cited by the magistrate judge to show Claimant had a good or "fairly good" memory, PF&R 14 (citing Tr. 22, 25), did not appear before the ALJ, the ALJ referenced other medical reports that contained the same observation. Tr. 71 (quoting 829, 833). The record relied upon by the ALJ provided substantial evidence for her finding that Claimant had no more than a mild limitation in the first functional area.

Second, the ALJ found that Claimant had no more than a mild limitation in the second functional area, interacting with others.  Tr. 71-72.  The magistrate judge made three references to evidence not in the record before the ALJ in his analysis of Claimant's limitations in this functional area.  These were references to the reports of Dr. Veena Bhanot, Dr. Cook, and Dr. Dickey that included descriptions of Claimant as being pleasant, talkative and engaging, as well as a person who uses Facebook.  See PF&R 15 (citing Tr. 21, 24, 25, 28).

Notwithstanding the magistrate judge's inclusion of that evidence in his analysis of the ALJ's decision, he adequately evaluated the evidence relied upon by the ALJ to conclude that the ALJ's decision was based on substantial evidence.  The ALJ referred to other evidence in the record, that the magistrate judge did not mention, to explain her decision, e.g. Claimant, in her treatment appointments, was "consistently cooperative and socially appropriate."  Tr. 72 (citing 576-608, 730-33, 820-23, 827-30, 832-34).  The finding that plaintiff had no more than a mild limitation in interacting with others was supported by substantial evidence.

Third, regarding the functional area of concentration, persistence or pace, the ALJ held that Claimant had a mild limitation.  To establish that the ALJ's decision was based upon

substantial evidence, the magistrate judge again referenced certain reports of Drs. Bhanot, Cook and Dickey that were not in the record before the ALJ. PF&R 15. Dr. Cook's report noted that Claimant's concentration was "intact," Tr. 22, and the reports of Dr. Bhanot and Dr. Dickey stated that her concentration was "fairly good," Tr. 25, 28. The magistrate judge also mentioned again that the Claimant could play Yahtzee and added that she could "actively use Facebook to make social connections"; however, that evidence was not in the record before the ALJ. Id. (citing Tr. 21, 24).

Without considering that evidence, the magistrate judge's finding that the ALJ's decision was supported by substantial evidence was nonetheless proper. The magistrate judge laid out the evidence that the ALJ actually considered, and he reasonably concluded that the ALJ relied upon substantial evidence to rate Claimant's limitation in the third functional area. To further affirm the validity of the ALJ's finding, the court notes that the magistrate judge omitted from the PF&R an observation cited by the ALJ, in which Dr. Bhanot, in an earlier report before the ALJ, noted that Claimant's concentration was "fairly good."[1] Tr. 72.

---

[1] Dr. Bhanot had one treatment report in the record before the ALJ, see Tr. 832-34, but an additional report referenced by the magistrate judge was not included in the evidence of record before the ALJ, see Tr. 26-29.

Finally, in the last functional area, adapting or managing oneself, the ALJ determined that Claimant had no limitation. Upon reviewing this decision in the PF&R, the magistrate judge again referenced evidence that was not in the record before the ALJ, namely, that she was able to adapt to life after her father passed away, PF&R 16 (citing Tr. 24), and that she was able to stay active, id. (citing Tr. 21).

There is copious evidence in the record, cited by the ALJ, that supports the ALJ's finding that Claimant had no limitation in her ability to adapt or manage herself. In addition to the references to the record before the ALJ that the magistrate judge made to support this finding, the ALJ mentioned still other evidence that the magistrate judge did not. That other evidence was included in the ALJ's finding that Claimant was able to tend to her personal care, based on Claimant's own statements as well as the similar observations of the professionals who treated her. Tr. 72 (citing Tr. 280, 730, 822, 829, 833). Disregarding the magistrate judge's reference to evidence not in the record, the ALJ's finding regarding this last functional area was supported by substantial evidence. See PF&R 16.

While the magistrate judge cited evidence, as indicated, that never came before the ALJ, the reasoning for his

determinations that the ALJ's ruling was based on substantial evidence remains sound, even when the late-filed evidence is removed from consideration.  More significantly, the decision the ALJ herself articulated is supported by substantial evidence.  See Quintal v. Berryhill, No. 3:14-cv-15397, 2017 U.S. Dist. LEXIS 48692, at *14 (S.D.W. Va. Mar. 31, 2017).

Claimant's second objection contends that the magistrate judge erred in reviewing the ALJ's evaluation of the state agency medical consultants' opinions which, Claimant argues, the ALJ erroneously discounted.  ECF No. 17, at 3-4. The state agency medical consultants, Dr. Jeff Harlow and Dr. Holly Cloonan, both reviewed Claimant's medical records as of August 21, 2014 and January 7, 2015, respectively, and evaluated her mental limitations by referring to the four criteria that the court referred to in dealing with the first objection.  Dr. Harlow and Dr. Cloonan concurred in their finding that Claimant had moderate difficulties in maintaining concentration, persistence, or pace, Tr. 113, 129, a condition which as earlier noted the ALJ found to be mild.  The opinion of Claimant's moderate limitation in this area is the only finding by the state medical consultants that would have given the ALJ cause to consider reaching a different decision.  See 20 C.F.R. §§404.1520a(d)(1), 416.920a(d)(1).

The ALJ gave the opinions of these examiners "some weight" for two reasons. Tr. 71. First, the ALJ noted that the criteria under consideration changed between the times when Dr. Harlow and Dr. Cloonan reviewed the case and the time when the ALJ did so.[2] Second, the ALJ observed that Dr. Harlow and Dr. Cloonan's analyses did not reflect their review of a significant amount of Claimant's medical record, as contrasted with certain more complete medical reports from Claimant's counselor Kent, Dr. Tiffany Sparks, Dr. Dickey, and Dr. Bhanot, all of which were submitted at the hearing level and were heavily relied upon by the ALJ. Tr. 71 (citing Tr. 576-608, 730-33, 820-23, 827-30, 832-34). Dr. Harlow and Dr. Cloonan's reviews of Claimant's psychological limitations instead relied only upon medical records from appointments with Dr. C.D. Beckett, Claimant's primary care physician, Ms. Kent, and Ms. Glick, which all took

---

[2] When Dr. Harlow and Dr. Cloonan reviewed the case, the criteria, known as paragraph B criteria, consisted of: activities of daily living; maintaining social functioning; maintaining concentration, persistence, or pace; and repeated episodes of decompensation. Tr. 71 (referencing 20 C.F.R. Part 404, Subpart P, Appendix. 1 (2016)). After the state medical examiners reviewed the evidence, the Social Security Administration updated the paragraph B criteria, which took effect on January 17, 2017. The revised paragraph B criteria consisted of: understanding, remembering, and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting or managing oneself. Tr. 71 (referencing 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017)).

place prior to the respective reviews of the state medical
examiners.  <u>See</u> Tr. 112, 123-27.

Claimant argues that the magistrate judge did not
review whether the ALJ's evaluation of these medical opinions
was rational and that he did not consider Claimant's "argument,
citations to binding legal precedence, or probative evidence
that was presented in support of a finding that the ALJ had not
met his obligation to review the State agency medical opinions
under the regulatory requirements."  ECF No. 17, at 4.
Furthermore, Claimant asserts in her motion for judgment on the
pleadings that the evidence in the record was ignored[3] and that
"[a]n ALJ has the obligation to consider all relevant medical
evidence and cannot simply cherry pick facts that support a
finding of nondisability while ignoring evidence that points to
a disability finding."  ECF No. 10, at 10 (quoting <u>Lewis v.
Berryhill</u>, 858 F.3d 858, 869 (4th Cir. 2017) (citing <u>Denton v.</u>

---

[3] Claimant cites the following evidence, all of which was in the
record before the ALJ: Ms. Kent's observation that Claimant was
depressed and overwhelmed and her diagnosis of post-traumatic
stress disorder and major depression, Tr. 730-31; Dr. Sparks'
description of Claimant as "emotionless" and feeling overwhelmed
with emotions that she was unable to cope with, Tr. 822; Dr.
Beckett's finding that Claimant had symptoms of mild depression,
Tr. 880; Dr. Dickey's statement that she has bad days and has
anxiety that caused depression that arises from people not
respecting and underappreciating her, Tr. 829; and Dr. Bhanot's
observation that Claimant had severe depression and that her
"fairly bright" mood was influenced by outside stressors, Tr.
829-33.

<u>Astrue</u>, 596 F.3d 419, 425 (7th Cir. 2010))). The particular evidence in the record before the ALJ, which Claimant argues supported the findings of the state medical examiners, all relates to certain statements by treating professionals that Claimant suffered from significant depression. <u>Id.</u> at 9-10 (citing Tr.730-31, 822, 829-33, 880).

"Generally, more weight is given to examining sources than to sources who do not examine. 20 C.F.R. § 404.1527(c)(1). Similarly, more weight is given to treating sources than to examining sources. <u>Id.</u> § 404.1527(c)(2)." <u>Perry v. Colvin</u>, No. 2:15-cv-01145, 2015 WL 1183155, at *9 (S.D.W. Va. Mar. 28, 2016). "Ultimately, although an ALJ's duty of explanation is lesser with respect to a non-treating source than with respect to a treating physician, that explanation must nonetheless 'be sufficiently clear so that a court may meaningfully review his weighing of the opinion.'" <u>Id.</u> (quoting <u>Miller v. Colvin</u>, No. 2:13-cv-31251, 2015 WL 917772, at *18 (S.D.W. Va. Mar. 3, 2015)); <u>see also</u> <u>Bryant ex rel. Bryant v. Barnhart</u>, 63 Fed. App'x 90, 95 (4th Cir. 2003) (citing SSR 96-6P, 1996 WL 374180 (July 2, 1996)) ("[T]he ALJ must explain the weight accorded to non-treating sources."). "An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up

specious inconsistencies, or has not given good reason for the weight afforded a particular opinion." <u>Koonce v. Apfel</u>, 166 F.3d 1209, at *2 (4th Cir. 1999) (table).

The opinions of Dr. Harlow and Dr. Cloonan were based upon their review of certain medical reports of Dr. Beckett, Ms. Glick and Ms. Kent rather than an examination or treatment of Claimant. The ALJ gave appropriate reasoning for giving different weight to these opinions. Tr. 71. Admittedly, the changes to the paragraph B criteria in the area at issue, whether Claimant can concentrate, persist, or maintain pace, is essentially unchanged from the former criteria, but that was only part of the ALJ's reasoning for giving the state consultant opinions less than full weight. The more substantial support for the ALJ's decision to weigh these opinions less heavily came from the fact that Dr. Harlow and Dr. Cloonan reviewed medical records that did not contain all the evidence available to the ALJ. In fact, they did not review certain reports of four treating professionals, Dr. Bhanot, Dr. Dickey, Dr. Sparks and Ms. Kent, none of which supported the state medical consultants' finding that Claimant had a moderate limitation in her ability to concentrate, persist or maintain pace. The ALJ met the burden of explaining why she chose to give the opinions of Dr. Harlow and Dr. Cloonan only "some weight." Tr. 72.

Given that the ALJ was permitted to give the opinions of Dr. Harlow and Dr. Cloonan less than full weight, the ALJ's finding that Claimant only had a mild limitation in her ability to concentrate, persist, or maintain pace was supported by substantial evidence.  Claimant's argument that the ALJ ignored evidence that demonstrated otherwise is not on point, as the evidence to which she cites does not relate to her abilities to concentrate, persist, or maintain pace, but rather identifies numerous acknowledgments of her depression and its varying severity.[4]  ECF No. 10, at 9-10.  The ALJ based her decision on the evidence and opinions provided by the treating professionals that directly related to that third functional area, and she reasonably chose to weigh some of those opinions differently. See 20 CFR §§ 404.1520a(c)-(d), 416.920a(c)-(d); Bryant, 63 Fed. App'x at 95; see also Johnson, 434 F.3d at 653.

---

[4] The ALJ noted that Claimant's depression and anxiety were medically determinable impairments but found that the impairments would "not cause more than minimal limitation in claimant's ability to perform basic mental work activities."  Tr. 70.

### III. Conclusion

Accordingly, having received the PF&R and Claimant's objections, and having reviewed the record de novo, it is ORDERED:

1. That the Claimant's objections to the PF&R be, and hereby are, overruled in part and sustained in part as set forth above;

2. That the proposed findings and recommendations of the magistrate judge be, and hereby are, adopted in full except as noted otherwise in the text of the foregoing memorandum opinion and order;

3. That the Claimant's request for judgment on the pleadings be, and hereby is, denied;

4. That the Commissioner's motion for judgment on the pleadings be, and hereby is, granted;

5. That the decision of the Commissioner be, and hereby is, affirmed; and

6. That Claimant's action be, and hereby is, dismissed and removed from the docket of the court.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and the United States Magistrate Judge.

Enter: September 28, 2018

John T. Copenhaver, Jr.
United States District Judge